Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd, Suite 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff,

## UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| PENNEY WEDBETTER ) | Case No.: |
| ) | |
| Plaintiff, ) | **VERIFIED COMPLAINT AND DEMAND** |
| ) | **FOR JURY TRIAL** |
| vs. ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| NCO FINANCIAL SYSTEMS, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

COMES NOW the Plaintiff, PENNEY WEDBETTER ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, NCO FINANCIAL SYSTEMS, INC., alleges and affirmatively states as follows:

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to

1  promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. (Cal. Civ. Code §1788.1(a) – (b)).

3. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of NCO FINANCIAL SYSTEMS, INC. (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

**JURISDICTION AND VENUE**

5. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

6. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

VERIFIED COMPLAINT

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

8. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

9. Plaintiff is a natural person who resides in the City of Stedman, County of Cumberland, State of North Carolina and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

## FACTUAL ALLEGATIONS

14. Defendant has been placing constant and continuous collection calls to Plaintiff seeking and demanding payment for an alleged debt.

15. Defendant has been calling Plaintiff at telephone number 910-723-1424 from

telephone number 215-441-3000.

16. Defendant is attempting to collect a debt Plaintiff does not owe. Defendant calls looking for persons other than Plaintiff, including a person named "Jones" and others. Plaintiff confirmed with Defendant that no one by the name of "Jones" or any of the other individuals Defendant asks for lives at the address provided by Defendant's agent, yet the calls nonetheless persist.

17. Defendant placed telephone calls without meaningful disclosure of the caller's identity.

18. Defendant failed to identify itself as a debt collector in subsequent communications.

## **COUNT I**

## **DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.**

19. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

20. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

   b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass.

   c. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

   d. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's debt because Plaintiff does

VERIFIED COMPLAINT

not owe the money Defendant is attempting to collect.

    e. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt because Plaintiff does not owe the money Defendant is attempting to collect.

    f. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

    g. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount that is not authorized by the agreement or permitted by law because Plaintiff does not owe the money Defendant is attempting to collect.

21. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

22. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;

23. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

24. Actual damages;

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

26. Any other relief that this Honorable Court deems appropriate;

VERIFIED COMPLAINT

RESPECTFULLY SUBMITTED,

DATED:  April 24, 2009   KROHN & MOSS, LTD.


By: /s/ Ryan Lee

Ryan Lee
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PENNEY WEDBETTER, hereby demands trial by jury in this action.

VERIFIED COMPLAINT